UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND CASE (DKT. 12, 13)   JS-6: Remanded to Superior Court

**I.   Introduction**

On September 30, 2015, Bong Sook Lee ("Plaintiff") brought this action in the Los Angeles Superior Court ("LASC") against CVS Pharmacy, Inc. ("CVS") and Ghada Ashkar ("Ashkar") (collectively, "Defendants"). Dkt. 1-2 (Ex. 1). The First Amended Complaint ("FAC") advances eight causes of action: (i) discrimination in violation of Cal. Gov't Code § 12940(a); (ii) harassment in violation of Cal. Gov't Code § 12940(j); (iii) retaliation in violation of Cal. Gov't Code § 12940(h); (iv) failure to prevent discrimination, harassment and retaliation in violation of Cal. Gov't Code § 12940(k); (v) defamation per se; (vi) violation of Cal. Lab. Code §§ 98.6 and 1102.5; (vii) violation of Cal. Lab. Code §§ 2698 *et seq.*; and (viii) adverse action in violation of public policy. Dkt. 1-5 (Ex. 4).

On January 8, 2016, Defendants removed the matter from the LASC pursuant to 28 U.S.C. §§ 1331 and 1441 on the basis that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Dkt. 1 ¶ 15; *see* 28 U.S.C. § 1446(b). On February 17, 2016, Plaintiff filed a motion to remand the action ("Motion"). Dkt. 12. Defendants filed an opposition to the Motion ("Opposition") (Dkt. 14), and Plaintiff filed a reply ("Reply") (Dkt. 17). Plaintiff also seeks an a award of attorney's fees incurred as a result of these removal proceedings.

A hearing on the Motion was held on May 9, 2016, and the matter was taken under submission. Dkt. 20. For the reasons stated in this Order, the Motion is **GRANTED**, but the request for an award of attorney's fees is **DENIED**.

**II.   Factual Background**

   A.   Allegations in the Complaint

Plaintiff has worked for more than 30 years as a licensed pharmacist, and has been a Guild pharmacist

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

since 2001.[1] FAC, Dkt. 1-5 (Ex. 4 ¶¶ 7, 9). From 2001 through 2014, Plaintiff was employed by CVS as a licensed pharmacist. *See id.* ¶¶ 8, 21. Beginning in 2009, she worked as a "floater" pharmacist and was assigned to work at different CVS locations. *Id.* ¶ 9.

In December 2013, Plaintiff applied to take vacation time, but her request was denied. *Id.* ¶ 10. Defendants' stated reason was that vacation slots for the requested period were "full." *Id.* The FAC alleges, however, that younger pharmacists with less seniority than Plaintiff were able to take vacation time during this period. *Id.* Beginning in March 2014, Defendants began scheduling Plaintiff for less than 32 hours of work per week. *Id.* ¶ 11. Plaintiff was not provided a reason for this reduction in her hours. *Id.* The FAC alleges that Defendants reduced Plaintiff's hours due to her age. *Id.* In addition, the FAC alleges that Plaintiff was "assigned to problematic stores" where pharmacists frequently "got behind" on work and "written up." *Id.*

In response to her new schedule, Plaintiff sent email messages to certain "schedulers" and Ashkar, a CVS District Manager. *Id.* ¶¶ 3, 12. In one of them, Plaintiff stated that, as a full-time pharmacist, she should be scheduled for a full work week. *Id.* ¶ 12. In April 2014, Ashkar asked Plaintiff to sign a document that was labeled, "'part-time pharmacist available.'" *Id.* ¶ 13. Plaintiff declined to do so, and told Ashkar that this was because she was a full-time pharmacist. *Id.* The FAC alleges that, notwithstanding Plaintiff's continuous objections to her reduced, weekly schedule, Defendants continued to assign her to work for less than 32 hours per week. *Id.*

On June 2, 2014, Plaintiff e-mailed the officer at the Guild with responsibility for her. The email stated that Plaintiff believed that she was not being assigned to a full-time schedule due to her age. *Id.* ¶ 14. The Guild Officer relayed this complaint to Ashkar. *Id.*

Ashkar met with Plaintiff on June 10, 2014 for "performance counseling." *Id.* ¶ 16. "This counseling indicated that [Plaintiff] was not able to plan, prioritize or delegate during her shifts." *Id.* During the counseling session, Ashkar also linked a low customer service score at a particular CVS location to Plaintiff, notwithstanding that she had only worked there two days per week. *Id.* The FAC alleges that Ashkar subsequently set unrealistic performance goals for Plaintiff, warning her that if she failed to meet them, she could be terminated. *Id.* ¶ 17.

On June 12, 2014, Plaintiff reported this "unfair discrimination and treatment" to her Guild Officer. *Id.* ¶ 18. Plaintiff once again reported that she was being targeted by Ashkar because of her age, and that she received satisfactory performance scores from her previous supervisor. *Id.* The Guild Officer again communicated this complaint to Ashkar. *Id.*

On September 2, 2014, Ashkar called Plaintiff to deliver a yearly performance evaluation. *Id.* ¶ 19. The FAC alleges that with respect to such an annual performance evaluation, CVS policy "dictates" pharmacists to complete a written self-evaluation, followed by a written evaluation by a supervisor and

---

[1] The Guild for Professional Pharmacists (the "Guild") is referred to as the "Union" by Defendants. *See* Opposition, Dkt. 14 at 3. In this Order, the terms are used interchangeably.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

in-person for a busy store." *Id.*

The FAC alleges that on October 6, 2014, Ashkar delivered a termination notice to Plaintiff that contained false statements about her job performance, *Id.* ¶ 21. These included that Plaintiff was unable to plan or organize. *Id.* The notice further stated that Plaintiff was "terminated for failure to manage, prioritize, delegate, and follow company procedures." *Id.* It added that Ashkar had met with Plaintiff on July 19, 2014, to discuss concerns about her performance. *Id.* The FAC alleges, however, that this meeting never occurred. *Id.* Plaintiff believes that she was terminated upon being presented with the termination notice. *Id.* ¶ 24.[2]

      B.      The Collective Bargaining Agreement

The FAC does not mention or identify any collective bargaining agreement ("CBA"). However, the FAC states that Plaintiff is a member of the Guild. *See* FAC, Dkt. 1-5 (Ex. 4 ¶ 9). As a member of the Guild, the terms of Plaintiff's employment with CVS were governed by a CBA between the CVS and the Guild.[3] Plaintiff does not dispute this conclusion.

**III.**    **Analysis**

      A.      Legal Standard

Under Section 301 of the LMRA,

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) (internal quotation marks omitted). Thus, a state law claim based on violation of a collective bargaining agreement is "considered, from its inception, a federal claim,

---

[2] In the Opposition, Defendants claim that CVS never terminated Plaintiff. Instead, they aver that she is on a "medical leave of absence." Dkt. 14 at 3 n.2. The FAC does not discuss a medical leave of absence. It does state, however, that after being terminated, Plaintiff was "forced to take leave for stress, and could not return to CVS because of the anxiety and depression the environment caused her." FAC, Dkt. 1-5 (Ex. 4).

[3] Stephanie Sciurba, Labor Relations Manager for CVS, stated in a declaration that two CBAs were in effect during the relevant time period. Sciurba Decl., Dkt. 1-9 ¶¶ 3-4 (one CBA covered the time period from March 29, 2012 - March 28, 2015, and another covered the time period from March 29, 2015 - March 25, 2018). Both agreements are attached as exhibits to Sciurba's declaration. They are referred to collectively as the CBA *Id.* (Ex. 1-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

and therefore arises under federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987). Even if a plaintiff does not allege a breach of the collective bargaining agreement, LMRA preemption applies "if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

A two-step inquiry is used to determine whether Section 301(a) preempts a state law claim. The first issue is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1060. If the right arises solely from the CBA, then the claim is preempted. If, however, the claimed right does not arise from the CBA, but from another source, the second step of the analysis is undertaken to determine "whether the right is substantially dependent upon an analysis of the CBA." *Id.* Under this second step, a claim is not preempted if its prosecution requires only that a court "look to" the CBA, but is preempted where the resolution of the claim requires an interpretation of the CBA. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc).

  B. Application

    1. <u>The Positions of the Parties</u>

Plaintiff argues that there is no federal question jurisdiction because her eight causes of action are based entirely on state law and do not rely on any of the provisions of the CBA. Motion, Dkt. 12 at 2. Defendants respond that Plaintiff's defamation claim is clearly preempted. In conclusory terms, Defendants add that "many of Plaintiff's other claims are preempted and properly in this Court," and that all of Plaintiff's remaining claims are subject to supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1441(c). Dkt. 14 at 9.

    2. <u>Whether Plaintiff's Defamation Claim is Preempted by Section 301</u>

As noted, the first step calls for a court to determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059. Here, Plaintiff's defamation claim involves a right conferred by state law. *Tellez v. Pac. Gas & Elec. Co.,* 817 F.2d 536, 538-39 (9th Cir.1987) ("California's defamation law establishes nonnegotiable rights and obligations independent of any labor contract" allowing one to sue regardless of employment status or union membership). Because the claimed right arises from a source independent of the applicable CBA, the second step of the analysis must be considered. Thus, it must be determined "whether the right is substantially dependent upon an analysis of the CBA." *Id.*

Plaintiff alleges that Defendants "each made some or all of the following defamatory statements: . . . [Plaintiff] was terminated for failure to manage, prioritize, delegate, and follow company procedures." FAC, Dkt. 1-5 (Ex. 4 ¶ 51). The FAC alleges that this statement was made in a termination notice provided to Plaintiff by Ashkarr. *Id.* ¶ 21. The FAC adds that the termination notice "contained false statements of fact." *Id.* ¶ 23.

In *Tellez*, the plaintiff's defamation claim arose from his employer's distribution of a suspension letter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

stating that he had purchased illegal drugs while at work. 817 F.2d at 538. *Tellez* determined that the claim was not preempted by Section 301 because the CBA was "silent" on work conditions and did not regulate suspension letters:

> [The employer] cannot plausibly maintain that [the plaintiff's] claim implicates the collective bargaining agreement. The agreement simply does not govern [the employer's] allegedly defamatory conduct. It neither requires management to send written notice of suspension nor provides guidelines in the event such notice is sent.

*Id.* at 538-39.

In *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir.1989), the defamation claims arose from an employer's discharge notices, which allegedly contained defamatory statements. *Shane* held that the claims *were* preempted by Section 301. Although *Shane* acknowledged that the plaintiffs had presented little as to the facts underlying the defamation claims, it reasoned that the claims "appear[ed] to rest on the Notices of Intent to Discipline, which, along with the discharge notices, [were] the only documents in the record containing the allegations of wrongdoing." *Id.* at 1063. *Shane* distinguished *Tellaz* because the CBA at issue in *Shane* "require[ed] employers to notify employees of intended disciplinary action *in writing*, and simultaneously to notify their Union." *Id.* (emphasis added). Thus, *Shane* concluded that "[a]ny claim based on the discharge notification is, therefore, 'inextricably intertwined' with the CBA." *Id.*

Other district courts have interpreted *Shane* to hold that a defamation claim is preempted if the allegedly defamatory statements were made in a notice the defendant was required to issue under the applicable collective bargaining agreement. *See, e.g.*, *Kizziee v. Health Care Workers Local 250*, 2001 WL 1042150, at *3 (N.D. Cal. Sept. 4, 2001) (citing *Shane* and stating that a "defamation claim [is] preempted where statements were made in notice defendant was required to issue under collective bargaining agreement"); *Huitron v. U.S. Foods, Inc.*, 2015 WL 1524398, at *10 (C.D. Cal. Mar. 31, 2015) (citing *Shane* and stating that a defamation claim is preempted whenever the "allegedly defamatory statements were contained in notices that were required under the collective bargaining agreement") (internal quotation marks omitted).

The facts here parallel those in *Shane.* The CBA requires that CVS provide employees with written notice of intended disciplinary action. Thus, it provides that "[n]on-probationary pharmacists who are discharged for failure to satisfactorily perform work as required (including excessive absenteeism or excessive tardiness), shall first have had two (2) prior warnings in writing within 12 months preceding the discharge of such incompetence or of related or similar failure to perform work as required. The pharmacist so notified shall be required to sign such notice, but such signing shall in no way constitute agreement with the contents of such notice." Dkt. 1-9 (Ex. 1-2 § 10.8). The CBA also states that "[a]ny pharmacist who is discharged shall be informed in writing at the time of discharge of the immediate cause of discharge." *Id.*

Plaintiff does not dispute that the allegedly defamatory statements were set forth in notices required under the CBA. However, Plaintiff argues that *Shane* is "not persuasive" because its reasoning is "conclusory." Dkt. 17 at 9. That argument is without force; *Shane* is binding precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

Because Plaintiff's defamation claim is preempted by Section 301, the claim is dismissed. *See Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1389 (N.D. Cal. 1997) ("[B]ecause . . . the CBA governs the allegedly defamatory conduct, Plaintiff's defamation claim is preempted by section 301 and dismissed.").

        3.      <u>Whether Plaintiff's FEHA Claims Are Preempted by Section 301</u>

As noted, the primary focus of Defendants' Opposition is that Plaintiff's defamation claim is preempted. It also notes that an interpretation of the CBA is required for "many" of Plaintiff's other claims. However, it does not identify those claims or the relevant terms. Dkt. 14 at 9.

Plaintiff's remaining claims allege violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 *et seq*. FEHA claims are "not generally preempted by § 301." *Swain v. Dywidag-Sys. Int'l USA, Inc.*, 2009 WL 1578918, at *3 (N.D. Cal. June 4, 2009) (citing *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993)). "[S]ince rights under the FEHA are 'nonnegotiable' and 'defined and enforced under state law without reference to the terms *of any* collective bargaining agreement,' actions brought under the FEHA are preempted only if the claim requires the court to *interpret* disputed terms of a collective bargaining agreement." *Id.* (citing *Ramirez*, 998 F.2d at 748-49) (emphasis added).

Here, Plaintiff alleges that she was harassed and also suffered discrimination and retaliation due to her age. Therefore, it must be determined whether resolution of these claims would require the interpretation of the CBA. *Ramirez*, 998 F.2d at 748 ("[p]reemption is appropriate . . . only when the provisions of a collective-bargaining agreement must be interpreted," rather than "reference[d]" or "consider[ed]"). Defendant contends that these claims "rest on [Plaintiff's] allegations that CVS did not have good cause to terminate her employment, which is a level of job security that is defined by and provided by the CBA." Dkt. 14 at 9. Defendant adds that, as a result, "the Court must first construe provisions of the CBA to determine whether there was a non-discriminatory good cause reason for the alleged disciplinary action and alleged termination." *Id.* at 10.

This argument is inconsistent with the controlling authority. "In every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [it] ha[s] held that it is not preempted by section 301." *Robles v. Gillig LLC*, 771 F. Supp. 2d 1181, 1184 (N.D. Cal. 2011) (citing *Ramirez*, 771 F. Supp. 2d at 1184). For example, in *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir.2007), the plaintiff brought FEHA claims in which she alleged that her employer discriminated against her on the basis of her race and ethnicity. The defendants argued that the plaintiff was terminated only because she refused to work on a particular assignment as required by the CBA that governed her employment. *Id.* at 1202. *Detabali* held that the plaintiff's FEHA claims were not preempted notwithstanding that a determination of their viability would require a reference to certain provisions of the CBA. *Id.* at 1203. *Detabali* explained, however, that "because there is no dispute over the meaning of any terms within the agreement, resolution of the central issue -- whether St. Luke's discriminated against [the plaintiff] in applying the agreement -- does not depend on the interpretation of the [CBA]." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |

This case is the same. There is no dispute as to the meaning of "good cause" in the governing CBA. Rather, the dispute here is whether Plaintiff suffered harassment, discrimination or retaliation in violation of FEHA. Thus, Plaintiff needs to establish that she suffered adverse employment action either because she was a member of a protected category of was engaged in a protected activity. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355-56 (2000). Defendants may rebut this by showing that they had a legitimate business reason for the adverse action taken. *Id.* However, no interpretation of the "good cause" provision of the CBA is required to assess this defense.

Resolution of Plaintiff's FEHA claims does not depend on the interpretation of the CBA governing her employment. Accordingly, these claims are not preempted by § 301.

      C.      Supplemental Jurisdiction

Plaintiff's defamation claim establishes federal question jurisdiction. *Ramirez*, 998 F.2d at 743 ("In areas where federal law completely preempts state law, a claim purportedly based on state law is considered to be a federal claim from its inception; thus, such claims are considered to have arisen under federal law."). That the claim has been dismissed "does not deprive [the Court] of jurisdiction over remaining supplemental state law claims." *Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1389 (N.D. Cal. 1997) (citing *Bale v. Gen. Tel. Co. of California*, 795 F.2d 775, 778 (9th Cir. 1986)).

Defendant argues that the Court should exercise supplemental jurisdiction over Plaintiff's remaining non-preempted causes of action. Dkt. 14 at 10. Plaintiff argues that her defamation claim is secondary to her FEHA claims and, as a result, it would be "contrary to common sense to litigation all of these claims in federal court." Dkt. 17 at 11.

Where there is original jurisdiction, "the district courts shall [also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (for supplemental jurisdiction to be appropriate, "state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.").

Here, Plaintiff's claims derive from a common nucleus of operative fact. It is expected that all will be tried in one judicial proceeding. However, a district court may decline to exercise supplemental jurisdiction over such claims if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00160 JAK (Ex) | Date | July 29, 2016 |
|---|---|---|---|
| Title | Bong Sook Lee v. CVS Pharmacy, Inc., et al. | | |


28 U.S.C. § 1367(c); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).

Here, Plaintiff's sole claim based on a federal cause of action has been dismissed. Moreover, it is clear that her remaining claims, which are based on allegations of discrimination, harassment and retaliation predominate. Thus, the exercise of supplemental jurisdiction here would not be appropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("Because we conclude that the district court properly dismissed all of the federal-law claims and the balance of factors does not tip in favor of retaining the state-law claims, we cannot say that the district court abused its discretion in dismissing the state-law claims without prejudice.").

        D.      Request for Attorney's Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on "the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A determination whether certain state labor claims are preempted requires a case-by-case analysis of the language of the governing CBAs. Defendants presented legitimate issues. Thus, it cannot be shown that they "lacked an objectively reasonable basis for seeking removal." *Id.* Therefore, Plaintiff's request for attorney's fees incurred as a result of the removal is **DENIED**.

**IV.**    **Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**. This action is remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse at 111 North Hill Street in Los Angeles, California (Case No. BC596460).

**IT IS SO ORDERED.**

                                                                                                :

Initials of Preparer    ak